# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBRA ROSALYN KNOWLES,<br><br>    Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>    Defendant.<br>_____/ | Case No.  1:14-cv-01657-SKO<br><br>**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEY FEES AND EXPENSES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT**<br><br>(Doc. 16) |

After successfully obtaining reversal of an Administrative Law Judge's ("ALJ") decision denying her application for Social Security disability benefits, Plaintiff filed an application for an award of attorney fees and costs pursuant to the Equal Access to Justice Act ("EAJA") in the amount of $ 5,543.05.  (Doc. 16 (seeking an award of $ 5,516.44 in total fees (26.3 hours in attorney time and 4.1 hours in paralegal time) and $ 26.61 in costs).)

On May 10, 2016, Defendant filed an opposition asserting Plaintiff had failed to meet her burden of establishing the total number of hours expended by Plaintiff's counsel was reasonable because she had impermissibly used one-hour increment block billing and used large block quotations in her briefing.  (Doc. 18 (seeking a reduced award of $4,565.04 in total fees (21.3 in attorney time and 4.1 hours in paralegal time) and $26.61 in costs).)  On May 25, 2016, Plaintiff filed a reply brief, which requested a supplemental EAJA award of $761.12 for 4 hours spent on

the reply brief, for a revised total award of $ 6,304.17[1]. (Doc. 20.) For the reasons set forth below, Plaintiff's application for EAJA fees and expenses is GRANTED IN PART.

## I. BACKGROUND

Plaintiff filed this action on October 22, 2014, seeking judicial review of a final administrative decision denying her application for Social Security disability benefits. On January 28, 2016, the Court issued an order reversing the ALJ's decision and remanding the case for reconsideration of testimony. (Doc. 14.) The Court's decision was based upon the conclusion that the ALJ erred in discounting Plaintiff's credibility and failing to address Plaintiff's mother's witness testimony at all in his decision. (Doc. 14.)

On April 26, 2016, Plaintiff filed a motion for EAJA fees and expenses, seeking $5,543.05. (Doc. 16 (seeking an award of $ 5,516.44 in total fees, comprising 26.3 hours in attorney time and 4.1 hours in paralegal time, as well as $ 26.61 in costs); *see also* Doc. 20 (seeking an additional award of $ 761.12 for 4 attorney hours spent on the reply brief).) Defendant filed an opposition asserting Plaintiff's fee request was unreasonable on two grounds: that Plaintiff's counsel had impermissibly billed in one-hour blocks her time spent reviewing the transcript and preparing filings and that Plaintiff's counsel had improperly billed for time spent "recycling" "sizeable block quotations . . . and boilerplate language." (Doc. 18, p. 3.) It is Plaintiff's motion for attorney fees and expenses under the EAJA that is currently pending before the Court.

## II. LEGAL STANDARD

The EAJA provides that "a court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). "It is the government's burden to show that its position was substantially justified or that special circumstances exist to make an award unjust." *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001).

A "party" under the EAJA is defined as including "an individual whose net worth did not

---
[1] ($5,516.44+$26.61+$761.12)

exceed $2,000,000 at the time the civil action was filed[.]" 28 U.S.C. § 2412(d)(2)(B)(i). The term "fees and other expenses" includes "reasonable attorney fees." 28 U.S.C. § 2412(d)(2)(A). "The statute explicitly permits the court, in its discretion, to reduce the amount awarded to the prevailing party to the extent that the party 'unduly and unreasonably protracted' the final resolution of the case." *Atkins v. Apfel*, 154 F.3d 986, 987 (9th Cir.1998) (citing 28 U.S.C. §§ 2412(d)(1)(C) & 2412(d)(2)(D)).

A party who obtains a remand in a Social Security case is a prevailing party for purposes of the EAJA. *Shalala v. Schaefer*, 509 U.S. 292, 300-01 (1993) ("No holding of this Court has ever denied prevailing-party status . . . to a plaintiff who won a remand order pursuant to sentence four of § 405(g) . . . , which terminates the litigation with victory for the plaintiff"). "An applicant for disability benefits becomes a prevailing party for the purposes of the EAJA if the denial of her benefits is reversed and remanded regardless of whether disability benefits ultimately are awarded." *Gutierrez*, 274 F.3d at 1257.

### III. ANALYSIS

There is no dispute Plaintiff is the prevailing party in this litigation. Moreover, the Court finds Plaintiff did not unduly delay this litigation, and Plaintiff's net worth did not exceed two million dollars when this action was filed. The Court thus considers below whether the government's actions were substantially justified.

**A.   The Government's Position was Not Substantially Justified**

Substantial justification means "justified in substance or in the main -- that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation marks and citation omitted). In other words, the government's position must have a reasonable basis both in fact and in law. *Id.* In considering whether the position of the government is substantially justified, the position of the United States includes "both the government's litigation position and the underlying agency action giving rise to the civil action." *Meier v Colvin*, 727 F.3d 867, 870 (9th Cir. 2013).

In the social security context, it is the ALJ's decision that is considered the "action or failure to act" by the agency. *Id.* Under the substantial justification test, the court first considers

3

the ALJ's decision and then considers the government's litigation position in defending that decision. *Id.* Where the underlying ALJ decision is not substantially justified, a court need not address whether the government's litigation position was justified. *Id.* at 872 (citing *Shafer v. Astrue*, 518 F.3d 1067, 1071 (9th Cir. 2008) ("The government's position must be substantially justified at each stage of the proceedings" (internal quotation marks and citation omitted)).

Pursuant to *Meier*, determining whether the agency's position was substantially justified requires first examining the ALJ's decision for substantial justification. 727 F.3d at 870. Here, the ALJ's rejection of Plaintiff's subjective testimony on the impact of her fibromyalgia was improper, and there was no substantial evidence to support the ALJ's finding that she was not credible. An ALJ's failure to correctly evaluate testimony and rendering of a decision that is not supported by substantial evidence are the types of fundamental agency errors that are difficult to consider substantially justified. *Thangaraja v. Gonzales*, 428 F.3d at 870, 874 (9th Cir. 2007) ("holding that the agency's decision . . . was unsupported by substantial evidence is . . . a strong indication that the 'position of the United States' . . . was not substantially justified"); *see also Sampson v. Chater*, 103 F.3d 918, 921-22 (9th Cir. 1996) (ALJ's failure to make necessary inquiries of the unrepresented claimant and his mother in determining onset date, as well as disregard of substantial evidence establishing the same was not substantially justified).

That the Commissioner believes her litigation position before the Court was substantially justified does not vitiate the error at the administrative level. *Williams v. Bowen*, 966 F.2d 1259, 1261 (9th Cir. 1991) (government's position must be "substantially justified" at "each stage of the proceedings"). Moreover, the Commissioner cites no authority that a court may *reduce* the number of hours awarded under EAJA based on substantial justification for some portion of the government's litigation conduct in defending the agency action. Substantial justification is one of the threshold statutory requirements to determine whether EAJA fees are awardable; it is not a basis to carve out hours spent by the prevailing party in responding to what Defendant asserts was a substantially justified litigation position. *INS v. Jean*, 496 U.S. 154, 166 (1990) ("'substantial justification' requirement of the EAJA establishes a clear threshold for determining a prevailing party's eligibility for fees"). Defendant has not satisfied her burden to show the government's

4

position was substantially justified at each stage of the proceedings.

In sum, Plaintiff is entitled to attorney fees and expenses under the EAJA.

## B. The Hours Expended by Plaintiff's Counsel are Reasonable

Defendant contends the hours Plaintiff requests are was unreasonable on two grounds: that Plaintiff's counsel had impermissibly billed in one-hour blocks her time spent reviewing the transcript and preparing filings and that Plaintiff's counsel had improperly billed for time spent "recycling" "sizeable block quotations . . . and boilerplate language." (Doc. 18, p. 3.) (Doc. 18, pp. 3-4.)

The EAJA provides for an award of "reasonable" attorney fees. 28 U.S.C. § 2412(d)(2)(A). By statute, hourly rates for attorney fees under EAJA are capped at $125 per hour, but district courts are permitted to adjust the rate to compensate for increases in the cost of living.[2] 28 U.S.C. § 2412(d)(2)(A); *Sorenson v. Mink*, 239 F.3d 1140, 1147-49 (9th Cir. 2001); *Atkins*, 154 F.3d at 987. Determining a reasonable fee "requires more inquiry by a district court than finding the 'product of reasonable hours times a reasonable rate.'" *Atkins*, 154 F.3d 988 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). The district court must consider "the relationship between the amount of the fee awarded and the results obtained." *Id*. at 989.

Paralegal fees for services customarily billed to a client are also recoverable under EAJA. *See Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571, 589 (2008); *Carter v. Astrue*, No. 1:07-cv-00045-LJO-SMS, 2009 WL 498305, at *4 (properly recoverable legal services included preparing the complaint and return of service and reviewing the answer and court orders), *report and recommendation adopted in part*, 2009 WL 781788 (E.D. Cal. Mar. 23, 2009) (modifying order only to direct payment to be made directly to plaintiff's counsel). Purely clerical or secretarial tasks that require no legal skill or training, such as converting pleadings to PDF, faxing and mailing, updating lists and calendars, and filing or e-filing documents, however, should not be billed at a paralegal rate regardless of who performs them. *Id.*

---

[2] Pursuant to *Thangaraja*, 428 F.3d at 876-77 and the Ninth Circuit Rule 39-1.6, the Ninth Circuit maintains a list of the statutory maximum hourly rates authorized under the EAJA, as adjusted annually to incorporate increases in the cost of living. The rates are found on that court's website: http://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039. Plaintiff requests hourly rates for her counsel that are consistent with the statutory maximum rates as set forth by the Ninth Circuit.

Here, Plaintiff's attorney obtained an order reversing the ALJ's determination, which is a good outcome for Plaintiff. After carefully reviewing the record and the pending motion, the Court finds the claimed 30.3 attorney hours represent a reasonable amount of time for an attorney to expend on this particular matter, and the Court declines to conduct a line-by-line analysis of counsel's billing entries. *See, e.g., Stewart v. Sullivan*, 810 F. Supp. 1102, 1107 (D. Haw. 1993) ("Absent any evidence of **obvious** 'padding' of hours that would lead the court to doubt the credibility of plaintiff's application, the court will not conduct a line by line evaluation of the application") (emphasis added); *Vallejo v. Astrue*, No. 2:09-cv-3088 KJN, 2011 WL 4383636, at *4 (E.D. Cal. Sept. 20, 2011) (declining to "conduct a line-by-line analysis" of billing entries to determine all 62.6 hours of attorney time spent on the litigation were justified). However, the Court also finds that those purely clerical tasks performed by paralegals requiring no legal skill or training, such as e-filing documents with the court and service of various documents on opposing counsel, are not recoverable and therefore 1.0 hours of paralegal time will be subtracted from the claimed 4.1 paralegal hours. *See id.*, at *4; *Carter*, 2009 WL 498305 at *4-5.

While the issues presented may have been fairly straightforward, a total of 30.3 hours of attorney time and 3.1 hours of paralegal time are well within the limit of what would be considered a reasonable time spent on this action when compared to the time devoted to similar tasks by counsel in like Social Security appeals before this court. *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1136 (9th Cir. 2012) (noting "[m]any district courts have noted that twenty to forty hours is the range most often requested and granted in social security cases") (citing *Patterson v. Apfel*, 99 F.Supp.2d 1212, 1214 n.2 (C.D. Cal. 2000) (collecting district court cases)); *see also Thompson v. Colvin*, No. 2:12-cv-01850-AC, 2015 WL 1767733, at *2 (E.D. Cal. Apr. 16, 2015) (finding 63.4 hours to be reasonable); *Boulanger v. Astrue*, 2:07-cv-0849-DAD, 2011 WL 4971890, at *2 (E.D. Cal. Oct. 19, 2011) (finding 58 hours to be a reasonable amount of time); *Valleyjo v. Astrue*, No. 2:09-cv-03088 KJN, 2011 WL 4383636, at *5 (E.D. Cal. Sept. 20, 2011) (finding 62.1 hours to be reasonable).

Considering the procedural and administrative history of the case, the facts and nature of Plaintiff's medically determinable fibromyalgia impairment, and the size and scope of the record,

the requested hours of attorney time are reasonable.  *Costa*, 690 F.3d at 1136.

## IV.   CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that Plaintiff's motion for EAJA fees and expenses is GRANTED IN PART in the amount of $6,179.17.

IT IS SO ORDERED.

Dated:   **June 17, 2016**                                  /s/ *Sheila K. Oberto*
                                                                         UNITED STATES MAGISTRATE JUDGE