# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBRA ROSALYN KNOWLES,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL,[1]<br>Acting Commissioner of Social Security,<br><br>Defendant. / | Case No. 1:14-cv-01657-SKO<br><br>**ORDER GRANTING PLAINTIFF'S COUNSEL'S MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b)**<br><br>(Doc. 22) |

## I. INTRODUCTION

On November 26, 2018, counsel for Plaintiff Debra Rosalyn Knowles ("Plaintiff"), Monica Perales, Esq., filed a motion for an award of attorney's fees pursuant to 42 U.S.C. § 406(b)[2] (the "Motion"). (Doc. 22.) The Court issued a minute order requiring Plaintiff and the Defendant Commissioner of Social Security (the "Commissioner") to file any opposition or statements of non-opposition to the Motion, by no later than December 28, 2018. (Doc. 23.) Plaintiff was served with copies of the Motion and minute order. (Doc. 25.) Neither the Commissioner nor Plaintiff filed any response to the Motion by the December 28, 2018 deadline (*See* Docket).

---

[1] On January 23, 2017, Nancy A. Berryhill became the Acting Commissioner of the Social Security Administration. See https://www.ssa.gov/agency/commissioner.html (last visited by the court on January 7, 2019). She is therefore substituted as the defendant in this action. *See* 42 U.S.C. § 405(g) (referring to the "Commissioner's Answer"); 20 C.F.R. § 422.210(d) ("the person holding the Office of the Commissioner shall, in his official capacity, be the proper defendant").

[2] All subsequent statutory references are to Title 42 of the United States Code, unless otherwise specified.

For the reasons set forth below, the Motion is granted in the amount of $18,937.00, subject to an offset of $6,179.17[3] in fees already awarded pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), on June 20, 2016. (*see* Doc. 21.)

## II. BACKGROUND

On October 22, 2014, Plaintiff brought the underlying action seeking judicial review of a final administrative decision denying her claim for disability benefits under the Social Security Act. (Doc. 1.) On January 28, 2016, the Court entered judgment in favor of Plaintiff and against the Commissioner. (Doc. 15.)

On April 26, 2016, Plaintiff filed an application for an award of attorney fees and costs pursuant to the EAJA in the amount of $5,543.05 (Doc. 16), which the Commissioner opposed (Doc. 18). Plaintiff filed a reply brief, which requested a supplemental EAJA award of $761.12 for four hours spent on the brief. (Doc. 20.) On June 20, 2016, the Court partially granted Plaintiff's motion, and awarded Plaintiff a total of $6,179.17 in fees and expenses, which included $26.61 in expenses and $6,152.56 in attorney's fees. (Doc. 21.)

On remand, the Commissioner issued a decision finding Plaintiff disabled. (*See* Doc. 22, Declaration of Monica Perales ("Perales Decl.") ¶ 3, Ex. 2.) On October 24, 2018, the Commissioner issued a letter to Plaintiff approving her claim for benefits and awarding her $75,748 in back payments including $73,248 under Title II and $2,500 under Title XVI. (*See* Perales Decl. ¶ 4, Ex. 3.) On November 26, 2018, counsel filed a motion for attorney's fees in the amount of $18,937, equal to 25% of Plaintiff's back benefits, subject to a refund to Plaintiff for EAJA fees already awarded. (*See* Doc. 22.) It is counsel's section 406(b) motion for attorney's fees that is

---

[3] The Court notes Plaintiff's counsel's Motion seeks an offset of $6,152.56 in EAJA fees (*see* Doc. 22 at 1), which is the amount of Plaintiff's counsel's attorney fees awarded by the Court pursuant to EAJA minus the $26.61 in costs also awarded by the Court ($6,152.56 + 26.61 = $6,179.17). However, the entire amount awarded pursuant to EAJA including both attorney's fees and costs, is subject to offset under 42 U.S.C. § 406(b). *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) ("[A]n EAJA award offsets an award under Section 406(b), so that the [amount of the total past-due benefits the claimant actually receives] will be increased by the . . . EAJA award up to the point the claimant receives 100 percent of the past-due benefits." (second alteration in original)); 28 U.S.C. § 2412(d)(1)(A) (authorizing the award under EAJA of "fees **and other expenses, in addition to any costs** awarded pursuant to subsection (a), incurred by that party in any civil action . . . brought by or against the United States in any court having jurisdiction of that action[.]") (emphasis added); *see also, e.g.*, *Sullivan v. Comm'r of Soc. Sec.*, No. 1:11–cv–01833–SAB, 2013 WL 3198764, at *1 (E.D. Cal. June 21, 2013) (offsetting the award of $42,000 in attorney's fees under section 406(b) by $11,600 in "attorney fees and costs" awarded under EAJA).

currently pending before the Court.

## III. DISCUSSION

Pursuant to the Social Security Act, attorneys may seek a reasonable fee for cases in which they have successfully represented social security claimants. Section 406(b) provides the following:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, *not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment*, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits . . . .

§ 406(b)(1)(A) (emphasis added). "In contrast to fees awarded under fee-shifting provisions such as 42 U.S.C. § 1988, the fee is paid by the claimant out of the past-due benefits awarded; the losing party is not responsible for payment." *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009) (en banc) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 802 (2002)). The Commissioner has standing to challenge the award, despite that the section 406(b) attorney's fee award is not paid by the government. *Craig v. Sec'y Dep't of Health & Human Servs.*, 864 F.2d 324, 328–29 (4th Cir. 1989), *abrogated on other grounds in Gisbrecht*, 535 U.S. at 807. The goal of fee awards under section 406(b) is to provide adequate incentive to represent claimants while ensuring that the usually meager disability benefits received are not greatly depleted. *Cotter v. Bowen*, 879 F.2d 359, 365 (8th Cir. 1989), *abrogated on other grounds in Gisbrecht*, 535 U.S. at 807.

The 25% maximum fee is not an automatic entitlement, and courts are required to ensure that the requested fee is reasonable. *Gisbrecht*, 535 U.S. at 808–09 (Section 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, section 406(b) instructs courts to review for reasonableness fees yielded by those agreements). "Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id*. at 807; *see also Crawford*, 586 F.3d at 1148 (holding that section 406(b) "does not specify how courts should determine whether a requested fee is reasonable" but "provides only that the fee must not exceed 25% of the past-due benefits awarded").

3

1    Generally, "a district court charged with determining a reasonable fee award under § 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee arrangements,' . . . 'looking first to the contingent-fee agreement, then testing it for reasonableness.'" *Crawford*, 586 F.3d at 1148 (quoting *Gisbrecht*, 535 U.S. at 793, 808). The United States Supreme Court has identified several factors that may be considered in determining whether a fee award under a contingent-fee agreement is unreasonable and therefore subject to reduction by the court: (1) the character of the representation; (2) the results achieved by the representative; (3) whether the attorney engaged in dilatory conduct in order to increase the accrued amount of past-due benefits; (4) whether the benefits are large in comparison to the amount of time counsel spent on the case; and (5) the attorney's record of hours worked and counsel's regular hourly billing charge for non-contingent cases. *Id.* (citing *Gisbrecht*, 535 U.S. at 807-08).

Here, the fee agreement between Plaintiff and the Law Offices of Lawrence D. Rohlfing, LLP, signed by Plaintiff and her counsel, provides:

> If this matter requires judicial review of any adverse decision of the Social Security Administration, the fee for successful prosecution of this matter is **a separate 25% of the backpay awarded upon reversal of any unfavorable ALJ decision for work before the court.** Attorney shall seek compensation under the [EAJA] and such amount shall credit to the client for fees otherwise payable for court work.

(Doc. 22, Perales Decl., Ex. 1 (dated October 14, 2014) (emphasis in original).)

The Court has considered the character of counsel's representation of Plaintiff and the good results achieved by counsel, which included an award of benefits. As Plaintiff's counsel, the Law Offices of Lawrence Rohlfing spent 30.4 hours representing Plaintiff, ultimately gaining a favorable decision as the Commissioner's decision was remanded to the agency for reconsideration, which then awarded benefits to Plaintiff. (Doc. 22, Perales Decl., Ex. 4 (time sheets accounting for 26.3 attorney hours and 4.1 paralegal hours spent representing Plaintiff before the district court).) There is no indication that a reduction of the award is warranted due to any substandard performance by Plaintiff's counsel, as counsel secured a successful result for Plaintiff. There is also no evidence that counsel engaged in any dilatory conduct resulting in delay and the Commissioner filed no opposition making such allegations.

4

Counsel does not state her or her paralegal's normal hourly rates. However, the effective hourly rate requested equals $622.93 per hour.[4] District courts in the Ninth Circuit have found similar effective hourly rates reasonable in social security contingency fee arrangements. This hourly rate is not excessive when compared to what the Ninth Circuit has approved in cases involving social security contingency fee arrangements. *See Crawford*, 586 F.3d 1142, 1153 (9th Cir. 2009) (explaining that the majority opinion found reasonable effective hourly rates equaling $519, $875, and $902) (J. Clifton, concurring in part and dissenting in part); *see also Villa v. Astrue*, No. CIV–S–06–0846 GGH, 2010 WL 118454, at *1–2 (E.D. Cal. 2010) (approving section 406(b) fees exceeding $1,000 per hour for 10.4 hours of work, and noting that "[r]educing § 406(b) fees after *Crawford* is a dicey business"); *Thomas v. Colvin*, No. 1:11–cv–01291–SKO, 2015 WL 1529331, at *2–3 (E.D. Cal. Apr. 3, 2015) (upholding an effective hourly rate of $1,093.22 for 40.8 hours of work); *Jamieson v. Astrue*, No. 1:09CV0490 LJO DLB, 2011 WL 587096, at *2 (E.D. Cal. Feb. 9, 2011) (upholding an effective hourly rate of $1,169.49 for 29.5 hours of work); *see also Palos v. Colvin*, No. CV 15–04261–DTB, 2016 WL 5110243, at *2 (C.D. Cal. Sept. 20, 2016) (upholding an effective hourly rate of $1,546.39 for 9.7 hours of work).

Further, attorney's fees in the amount of $18,937.00 do not exceed 25% of the past-due benefits awarded and are not excessive in relation to the past-due award. *See generally Ortega v. Comm'r of Soc. Sec.*, No. 1:12–cv–01030–AWI–SAB, 2015 WL 5021646, at *3 (E.D. Cal. Aug. 21, 2015) (granting petition for an award of attorney's fees pursuant to section 406(b) in the amount of $24,350.00); *Thomas*, 2015 WL 1529331, at *3 (granting petition for an award of attorney's fees pursuant to section 406(b) in the amount of $44,603.50); *Boyle v. Colvin*, No. 1:12–cv–00954–SMS, 2013 WL 6712552, at *2 (E.D. Cal. Dec. 19, 2013) (granting petition for an award of attorney's fees pursuant to section 406(b) in the amount of $20,577.57); *Jamieson*, 2011 WL 587096, at *2 (recommending an award of attorney's fees pursuant to section 406(b) in the amount of $34,500).

---

[4] Plaintiff's counsel expended 26.3 hours and the paralegal expended 4.1 hours. (Doc. 22, Perales Decl., Ex. 4.) Thus, the effective hourly rate requested is computed as follows: $18,937 / (26.3 + 4.1) = $622.93 per hour.

1 In making this determination, the Court recognizes the contingent-fee nature of this case and counsel's assumption of risk in agreeing to represent Plaintiff under such terms. "District courts generally have been deferential to the terms of contingency fee contracts in § 406(b) cases." *Harris v. Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003). Attorneys who agree to represent claimants pursuant to a contingent fee agreement assume the risk of receiving no compensation for their time and effort if the action does not succeed. *Id.* Here, Plaintiff's attorney accepted substantial risk of loss in representing Plaintiff, whose application had already been denied at the administrative level. Plaintiff agreed to the contingent fee. Working efficiently and effectively, the attorney secured a remand, and ultimately, the award of substantial benefits to Plaintiff.

An award of attorney's fees pursuant to section 406(b) in the amount of $18,937 is, therefore, appropriate. An award of section 406(b) fees, however, must be offset by any prior award granted under the EAJA. 28 U.S.C. § 2412; *Gisbrecht*, 535 U.S. at 796. Plaintiff's counsel was previously awarded $6,179.17 in fees and costs pursuant to the EAJA; as such, counsel shall refund such amount to Plaintiff.

### IV. CONCLUSION AND ORDER

For the reasons stated above, the Court concludes that the fees sought by Plaintiff's counsel pursuant to section 406(b) are reasonable. Accordingly, IT IS ORDERED that:

1. Plaintiff's counsel's motion for an award of attorney's fees pursuant to 42 U.S.C. § 406(b) in the amount of $18,937 is granted; and

2. Plaintiff's counsel is ordered to refund to Plaintiff $6,179.17 of the section 406(b) fees awarded as an offset for the EAJA fees previously awarded pursuant to 28 U.S.C. § 2412(d).

IT IS SO ORDERED.

Dated: **January 8, 2019**            /s/ *Sheila K. Oberto*
                                       UNITED STATES MAGISTRATE JUDGE